Citation Nr: 1132128 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 06-00 122A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to an initial compensable evaluation for bilateral defective hearing. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Nadine W. Benjamin, Counsel



INTRODUCTION

The Veteran served on active duty from October 2000 to June 2004.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in December 2004 by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana.

In January 2010, the Board remanded this claim for additional development. The case has been returned to the Board and is ready for further review. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

Unfortunately, a remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 

In the Board's January 2010 remand, the RO was instructed to schedule the Veteran for a VA examination in order to ascertain the nature and severity of his service- connected bilateral hearing loss. The March 2011 supplemental statement of the case (SSOC) indicates that the Veteran was scheduled for a VA audiology examination to be conducted in April 2010, and that he did not appear. In an April 2011 VA report of contact, the Veteran telephoned the RO, after receiving the SSOC. He reported that he never received any notification of the scheduled examination. He requested that he be re-scheduled for an examination in support of his claim. 

There is documentation in the claims file showing that a VA examination was canceled by VA for failure of the Veteran to report. There is no indication that the examination was cancelled by the Veteran. More importantly, there is no indication by way of a notice letter that the Veteran was informed of the date and time to report for the examination. A review of the record reveals that there is no notification letter in the file. Further, as pointed out by the Veteran's representative in his May 2011 statement, the Veteran has had several addresses and the possibility exists that any notice sent to him was not sent to his current residence. The Veteran should again be scheduled for a VA examination to obtain information as to the severity of his service-connected bilateral hearing loss. The notice of the examination date and time should be sent to his most recent address in the file. If the Veteran fails to report to any scheduled examination, the RO should obtain and associate with the claims file (a) copy(ies) of the notice(s) of the date and time of the examination sent to him by the pertinent VA medical facility.

The Veteran is hereby notified that it is his responsibility to report for any examination scheduled, and to cooperate in the development of the case, and that the consequences of failure to report for a VA examination without good cause may include denial of the claim. See 38 C.F.R. §§ 3.158 and 3.655 (2010). 

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA examination in order to ascertain the nature and severity of his service-connected bilateral hearing loss. The claims file should be made available for review, and the examination report should reflect that such review occurred. The examiner is requested to identify auditory thresholds, in decibels, at frequencies of 1000, 2000, 3000, and 4000 Hertz. A Maryland CNC Test should also be administered to determine speech recognition scores. The examiner is also requested to discuss the functional effects of the Veteran's bilateral hearing loss on his daily activities.

2. Notify the Veteran that it is his responsibility to report for the scheduled VA examination, and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2010). In the event that the Veteran does not report for a scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable. Copies of all documentation notifying the Veteran of any scheduled VA examination must be placed in the Veteran's claims file.

3. Review the claims folder and ensure that all of the foregoing development actions have been conducted and completed in full. If any development is incomplete, appropriate corrective action is to be implemented. Specific attention is directed to the report of examination. If the requested report does not include fully detailed descriptions of pathology and all test reports, specific studies or adequate responses to the specific opinions requested, the report must be returned for corrective action. 38 C.F.R. § 4.2 (2010); See also Stegall v. West, 11 Vet. App. 268 (1998).

4. Following completion of the above, the claim should be readjudicated. If the benefit sought is not granted, the Veteran and his representative should be furnished an appropriate SSOC and be provided an opportunity to respond. The claim should be returned to the Board as warranted.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
LANA K. JENG
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).